**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **LENORE AEBISCHER,**              ) | |
| Plaintiff,              ) | |
| v.              ) | |
|              ) | Case No. 05-2121 |
| **STRYKER CORPORATION,**              ) | |
|              ) | |
| Defendant.              ) | |

# REPORT AND RECOMMENDATION

In April 2005, Plaintiff, Lenore Aebisher, filed a complaint in the circuit court of the Fifth Judicial Circuit, Coles County, Illinois, against Defendant Stryker Corporation (No. 2005-L-14). In May 2005, Defendant Stryker removed the case to federal court (*see* Notice of Removal, #1), alleging federal jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In August 2005, Plaintiff filed an Amended Complaint (#7), adding Howmedica Osteonics Corporation as a defendant.

In August 2005, Defendant Stryker filed a Motion To Dismiss (#10). After Plaintiff responded to the motion, in September 2005, Stryker filed a Motion for Leave To File a Reply to the Plaintiff's Response to Stryker's Motion To Dismiss (#17). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Stryker Corporation's Motion To Dismiss **(#10)** be **DENIED** and its Motion for Leave To File a Reply to the Plaintiff's Response to Stryker's Motion To Dismiss **(#17)** be **DENIED as moot**.

## I.  Background

The following background is taken from the complaint. Plaintiff alleges that she underwent a surgical hip replacement in December 1997. Eventually, the polyethylene and ceramic components of the artificial hip deteriorated, causing osteolysis and requiring that she undergo surgery to remove the defective artificial hip.

Plaintiff's original complaint alleged three counts against Defendant Stryker, including product liability, negligence, and breach of implied warranty of merchantability, related to the failure of the artificial hip. Those claims are based on allegations that Stryker manufactured the artificial hip and placed it into the stream of commerce.

In May 2005, Defendant Stryker filed an answer to the complaint, denying that it manufactured or sold the product. Counsel for Stryker informed Plaintiff's counsel that Howmedica manufactured the artificial hip. Howmedica is now a wholly-owned subsidiary of Stryker. At times relevant to the claims in this case, it appears that Stryker and Howmedica were separate corporations.

In August 2005, Plaintiff filed an amended complaint, adding Defendant Howmedica as a party. The amended complaint alleges the same three claims against Defendant Stryker as contained in the original complaint and also alleges three claims against Howmedica that appear to be identical to the claims against Stryker except that the claims against Howmedica are based on allegations that Howmedica manufactured the artificial hip and placed it into the stream of commerce.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claim and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

### III.  Analysis

Defendant Stryker argues that the Court should dismiss the claims against it because it did not manufacture, design, or sell the product that Plaintiff claims caused her injuries.  In response, Plaintiff states that she is basing her claims against Stryker on the premise that Stryker held itself out as the manufacturer of the product.

It is well established that a plaintiff cannot amend her complaint through arguments presented in her legal memoranda.  *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Although Plaintiff may now wish to base her claim on a theory other than the ones she alleged, the Court can only consider what is alleged in the complaint.

Here, Plaintiff has alleged claims of product liability, negligence, and breach of implied warranty of merchantability against Defendant Stryker based on the premise that Stryker manufactured the artificial hip and placed it into the stream of commerce.  Based on the complaint, Plaintiff has not conceded that Stryker did not manufacture the artificial hip and place it into the stream of commerce, notwithstanding her identical claims against Defendant Howmedica.  It is well-settled that a plaintiff may plead in the alternative, even if the pleadings are inconsistent.  *Alper v. Altheimer & Gray,* 257 F.3d 680, 687 (7th Cir. 2001).  Accordingly, the Court recommends denying the motion to dismiss.  Plaintiff may want to consider amending her complaint if she wishes to assert a new basis for liability against Defendant Stryker.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant Stryker Corporation's Motion To Dismiss **(#10)** be **DENIED.**  In addition, the Court recommends that Defendant Stryker Corporation's Motion for Leave To File a Reply to the Plaintiff's Response to Stryker's Motion To Dismiss **(#17)** be **DENIED as moot**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F. 2d 538, 539 (7th Cir. 1986).

ENTER this 4th day of October, 2005.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE