UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| LENORE AEBISCHER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>STRYKER CORPORATION and )<br>HOWMEDICA OSTEONICS )<br>CORPORATION, )<br>)<br>Defendants. ) | Case No. 05-CV-2121 |

## OPINION

A Report and Recommendation (#18) was filed by Magistrate Judge David G. Bernthal in the above cause on October 4, 2005. On October 18, 2005, Defendant, Stryker Corporation, filed its Objection to the Report and Recommendation (#23). Following this court's careful de novo review of the Magistrate Judge's reasoning and Defendants' Objection, this court agrees with and accepts the Magistrate Judge's Report and Recommendation (#18). This court agrees that Defendant Stryker's Motion to Dismiss (#10) should be DENIED.

In its Objection, Defendant Stryker noted that it attached the Declaration of Michael Cartier to it Motion to Dismiss. Defendant Stryker argued that, because it provided matters outside of the pleadings, Judge Bernthal was <u>required</u> to treat the Motion to Dismiss as a Motion for Summary Judgment under Rule 12(b) of the Federal Rules of Civil Procedure. Defendant Stryker further complained that Judge Bernthal did "not mention the Declaration of Michael Cartier, which was attached to Stryker's memorandum." Defendant Stryker argued that Judge Bernthal should have considered the Cartier Declaration and further argued that his failure to do so constituted error. This court does not agree.

Rule 12(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

In this case, Defendant Stryker presented a matter outside of the pleadings, the Declaration of Cartier. Under Rule 12(b), when matters outside the pleadings are presented, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule, or exclude the documents attached to the motion to dismiss and continue under Rule 12." Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). Here, Judge Bernthal chose to not consider the Declaration of Cartier and chose to handle the case as a motion to dismiss under Rule 12, rather than converting it to a motion under Rule 56. It was entirely within his discretion to do so. See Levenstein, 164 F.3d at 347; see also Mustari v. New Hope Acad., 2004 WL 1375530, at *2-3 (N.D. Ill. 2004); Northwestern Corp. v. Y.L.C. Co., 2003 WL 22317407, at *2 (N.D. Ill. 2003). This court additionally notes that Defendant Stryker has now filed a Motion for Summary Judgment (#24) and Memorandum in Support (#25).

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#18) is accepted by this court.

(2) Defendant Stryker's Motion to Dismiss (#10) is DENIED.

(3) Defendant Stryker's Motion for Leave to File a Reply to the Plaintiff's Response to Stryker's Motion to Dismiss (#17) is DENIED as moot.

ENTERED this 19th day of October, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE