UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **LENORE AEBISCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 05-CV-2121** |
| ) | |
| **STRYKER CORPORATION, and** ) | |
| **HOWMEDICA OSTEONICS,** ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#24) filed by Defendant Stryker Corporation (Stryker) and the Second Motion to Amend (#28) filed by Plaintiff, Lenore Aebischer. Following this court's careful consideration of the arguments of the parties and the documents provided by the parties, Plaintiff's Second Motion to Amend (#28) is GRANTED and Stryker's Motion for Summary Judgment (#24) is DENIED.

FACTS

On May 24, 2005, a Notice of Removal (#1) was filed by Defendant, Stryker Corporation (Stryker), and this case was removed to this court from the circuit court of Coles County based upon diversity jurisdiction. Stryker stated that Plaintiff, Lenore Aebischer, is a citizen of Illinois. Stryker further stated that it is incorporated in Michigan, with its principal place of business in Michigan. Stryker attached a copy of the Complaint filed by Plaintiff. In her Complaint, Plaintiff alleged that Stryker manufactured an artificial hip which replaced Plaintiff's left hip during hip replacement surgery. In Count I, Plaintiff alleged that the artificial hip was defective and unreasonably dangerous and that Stryker was liable based upon product liability. In Count II, Plaintiff alleged that Stryker was liable for negligence. In Count III, Plaintiff alleged that Stryker was liable based upon

implied warranty of merchantability. Stryker also attached a copy of its Answer to the Complaint, in which it denied that it manufactured or sold the products at issue in this case. Stryker stated that it informed Plaintiff's counsel that the artificial hip components were manufactured and sold by Howmedica Osteonics Corp. (Howmedica).[1]

On July 18, 2005, Plaintiff filed a Motion to Amend Complaint (#6) and requested that she be allowed to amend her Complaint to add Howmedica as a Defendant. Plaintiff's Motion was granted, and Plaintiff's Amended Complaint (#7) was filed on August 5, 2005.[2] In her Amended Complaint, Plaintiff again alleged that Stryker was the manufacturer of the artificial hip and was liable based upon product liability, negligence and implied warranty of merchantability. In addition, Plaintiff added Counts IV, V, and VI against Howmedica. Plaintiff alleged in those counts that Howmedica manufactured the artificial hip and that Howmedica was liable based upon product liability, negligence and implied warranty of merchantability.

On August 18, 2005, Howmedica filed its Answer (#9) to the Amended Complaint. Howmedica admitted that it manufactured that artificial hip which was implanted in Plaintiff's hip during the hip replacement surgery.

On October 19, 2005, Stryker filed a Motion for Summary Judgment (#24) and a Memorandum in Support (#25) with the attached affidavit of Michael Cartier, Esq. In his affidavit, Cartier stated that he holds the position of Deputy General Counsel for Stryker. Cartier stated that Stryker is not and was not involved in the manufacture and sale of orthopaedic transplants, including

---

[1] It appears from documents filed in this case that Howmedica is a New Jersey corporation.

[2] This court notes that the Amended Complaint does not include any allegations regarding the citizenship of either defendant and does not include any allegations regarding the basis for this court's jurisdiction.

the artificial hip components identified in Plaintiff's Complaint. Cartier stated that the subject artificial hip components were manufactured and sold by Howmedica Osteonics Corp., formerly known as Osteonics Corporation. Cartier stated that, at all relevant times, Howmedica was a "distinct, segregated corporate entity, separate and apart" from Stryker. In its Memorandum, Stryker argued that, "[b]ecause Stryker did not manufacture or sell the products at issue, it owed no duty to plaintiff and cannot be liable to plaintiff under any of the theories alleged in the amended complaint." Stryker argued that, accordingly, it is entitled to summary judgment as to the claims against it.

On November 9, 2005, Plaintiff filed a Second Motion to Amend (#28). Plaintiff sought leave of court to amend the Counts against Stryker in order to allege that Stryker held itself out as the manufacturer of the product at issue. Plaintiff argued that, under Illinois law, a company that holds itself out to the public as a manufacturer of a product is liable for injuries caused by that product if it is found to be unreasonably dangerous. Plaintiff attached a proposed Second Amended Complaint.[3] In this proposed Complaint, Plaintiff alleged, in pertinent part:

> 5. STRYKER CORPORATION held itself out as the manufacturer of the artificial hip which was placed in Plaintiff's left hip during the course of the hip replacement surgery.
>
> 6. STRYKER CORPORATION is also known as STRYKER HOWMEDICA OSTEONICS.
>
> 7. STRYKER CORPORATION acquired OSTEONICS CORPORATION in 1979. The implant labels for the hip

---

[3] This court notes that, again, Plaintiff has not included any allegations which establish the basis of this court's jurisdiction.

  replacement at issue in this case made reference to "OSTEONICS".

  8.  STRYKER CORPORATION acquired HOWMEDICA, INC. in 1998.

  9. STRYKER interchangeably uses the term[s] "STRYKER", "STRYKER HOWMEDICA OSTEONICS" and "STRYKER ORTHOPAEDICS" as referring to the corporate entity which manufactures and sells the artificial hip which was placed in plaintiff.

  10.  STRYKER CORPORATION states that it is one of the market leaders in the dynamic and rapidly growing orthopaedic implant industry.

  11.  More specifically, STRYKER refers to its hip implant as "Stryker Hip Systems" and states that STRYKER is the worldwide market leader in total hip replacement products.

  12.  The duty to manufacture and place into the stream of commerce an artificial hip that was reasonably safe for use in the human body and that was not defective extends to STRYKER CORPORATION because STRYKER CORPORATION held itself out as the manufacturer of the artificial hip implanted in Plaintiff.

Plaintiff also filed a Response to Stryker Corporation's Motion for Summary Judgment (#29). Plaintiff argued that the Motion for Summary Judgment should be denied because, based upon the allegations in the Second Amended Complaint, Stryker can be held liable for the product at issue in this case.  Plaintiff contended that summary judgment should be denied and this case should

proceed on the Second Amended Complaint with both Stryker and Howmedica as proper Defendants.

On November 23, 2005, Stryker filed its Reply to Plaintiff's Response to Stryker Corporation's Motion for Summary Judgment (#30) and Response in Opposition to Plaintiff's Second Motion to Amend Complaint (#32). Stryker argued that, based upon the undisputed facts, it is clearly entitled to summary judgment on Plaintiff's Amended Complaint. Stryker also argued that Plaintiff should not be allowed to amend her complaint because Plaintiff's proposed amended complaint would be futile and prejudicial to Stryker. In addition, Stryker argued that, even if Plaintiff was allowed to amend her complaint, summary judgment should still be granted because the rationale behind the theory stated in the proposed Second Amended Complaint does not apply in the instant case.

## ANALYSIS

Because this court concludes that the issues raised by Plaintiff's Second Motion to Amend will be dispositive of the arguments raised by the parties, this court will address that motion first.

## MOTION FOR LEAVE TO AMEND

Rule 15 of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15; Guise v. BWM Mortgage, LLC, 377 F.3d 795, 801 (7th Cir. 2004). "However, under Rule 15, a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." Guise, 377 F.3d at 801. An amendment is futile if the added claim would not survive a motion for summary judgment. Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001). The district court's decision to grant or deny a motion for leave to file an amended pleading is a matter within the

court's sound discretion. Guise, 377 F.3d at 801.

In this case, the Discovery Order (#5) entered on July 15, 2005, set December 1, 2006, as the deadline for amending pleadings, so Plaintiff's request to amend her Complaint was timely and there is no allegation of "undue delay." Instead, Stryker has argued that the proposed amendment would be futile and would be prejudicial. This court does not agree.

This court agrees with Plaintiff that, under Illinois law, "the law is clear that a company which holds itself out to the public as the manufacturer of a product is liable for the injuries caused by that product if it is found to be unreasonably dangerous." Ogg v. City of Springfield, 458 N.E.2d 1331, 1336 (Ill. App. Ct. 1984). Here, the allegations of Plaintiff's Second Amended Complaint adequately allege a basis for liability on the part of Stryker under Illinois law. Stryker argues, however, that this doctrine applies only if the actual manufacturer is not known, which is not the case here. This court concludes that the case law does not support Stryker's argument. In fact, in Ogg, the Illinois Appellate Court affirmed a jury verdict against both the manufacturer of the product and against Coleman Company, Inc. (Coleman), the corporation which had acquired the stock of the manufacturer. Ogg, 458 N.E.2d at 1336. The court concluded that Coleman was properly found liable based upon the fact that it exercised some control over the product's design, was identified in the product's literature, and received economic benefit from the sale of the product. Ogg, 458 N.E.2d at 1336.

The Illinois Supreme Court has stated:

> The primary rationale for imposing liability on the apparent manufacturer of a defective product is that it induced the purchasing public to believe that it is the actual manufacturer, and to act on this

>belief–that is, to <u>purchase the product in reliance</u> on the apparent manufacturer's reputation and skill in making it.

<u>Hebel v. Sherman Equip.</u>, 442 N.E.2d 199, 203 (Ill. 1982) (emphasis in original); <u>see also</u> <u>Luu v. Kim</u>, 752 N.E.2d 547, 554 (Ill. App. Ct. 2001). Accordingly, "[i]n the context of liability in tort for a defective product, apparent authority is synonymous with 'holding out.'" <u>Bunch v. Centeon, L.L.C.</u>, 2000 WL 1741905, at *3 (N.D. Ill. 2000), <u>citing</u> <u>Hebel</u>, 442 N.E.2d at 201; <u>Root v. JH Indus., Inc.</u>, 660 N.E.2d 195, 197 (Ill. App. Ct. 1995); <u>Lill v. Murphy Door Bed Co. of Chicago</u>, 8 N.E.2d 714, 719 (Ill. App. Ct. 1937). Whether a holding out has occurred must be judged from the viewpoint of the purchasing public. <u>Joiner v. Ryder Sys., Inc.</u>, 966 F. Supp. 1478, 1489 (C.D. Ill. 1996), <u>quoting</u> <u>Hebel</u>, 442 N.E.2d at 203; <u>see also</u> <u>Bunch</u>, 2000 WL 1741905, at *3. It must also be judged in light of circumstances at the time of the purchase. <u>Root</u>, 660 N.E.2d at 198. In this case, presumably, the purchasing public is the medical professionals who decide which artificial hip components to use. <u>See</u> <u>Joiner</u>, 966 F. Supp. at 1489 (purchasing public in that case was the plaintiff's employer). At this stage of the litigation, Plaintiff has provided adequate allegations that Stryker held itself out as the manufacturer of the artificial hip components to the purchasing public. Contrary to Stryker's argument, the fact that the true manufacturer is now known does not mean that Stryker cannot be liable under this theory.

Therefore, this court concludes that Stryker has not shown that Plaintiff's proposed Second Amended Complaint would be futile or unduly prejudicial. Accordingly, Plaintiff's Second Motion to Amend (#28) is GRANTED. This court is concerned, however, that Plaintiff has not alleged the basis for this court's jurisdiction. Plaintiff is ordered to file an amended complaint setting out the basis for this court's jurisdiction within fourteen (14) days from the date of this order.

MOTION FOR SUMMARY JUDGMENT

In its Motion for Summary Judgment, Stryker argued that it was entitled to judgment as a matter of law because it was not the manufacturer of the artificial hip components. This court has now allowed Plaintiff to file its Second Amended Complaint in which Plaintiff has alleged that Stryker is liable because it held itself out as the manufacturer of the artificial hip components. Therefore, Stryker is not entitled to summary judgment based upon the fact that it was not the _actual_ manufacturer of the hip components. Accordingly, Stryker's Motion for Summary Judgment (#24) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Second Motion to Amend (#28) is GRANTED. The clerk is directed to file Plaintiff's proposed Second Amended Complaint. However, Plaintiff is ordered to file an amended complaint setting out the basis for this court's jurisdiction within fourteen (14) days from the date of this order.

(2) Stryker's Motion for Summary Judgment (#24) is DENIED.

(3) This case is referred to the Magistrate Judge for further proceedings.

ENTERED this 9th day of January, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE