**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **LENORE AEBISCHER,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 05-2121 |
| **STRYKER CORPORATION and** ) | |
| **HOWMEDICA OSTEONICS CORP.,** ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Before this Court is Defendant Howmedica Osteonics Corp.'s Motion To Compel Discovery (#65). Defendant seeks to compel Plaintiff to disclose her journals and diaries for the period from January 1996 to the present. Defendant argues that these journals may contain or lead to admissible evidence relevant to Plaintiff's alleged damages.

A party may file a motion to compel discovery when another party fails to respond to a discovery request or when the party's response is evasive or incomplete. *See* FED. R. CIV. P. 37(a)(2)-(3). A motion to compel discovery pursuant to FED. R. CIV. P. 37(a) is addressed to the sound discretion of the trial court. *Cmty. Sav. and Loan Ass'n v. Fed. Home Loan Bank Bd.*, 68 F.R.D. 378, 381 (E.D. Wis. 1975). In exercising its discretion, the court must be mindful that parties may obtain discovery regarding any matter that is relevant to the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Moreover, the test for relevance in the discovery area is an extremely broad one. *AM Int'l Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Evidence is relevant if there is "any possibility that the information sought may be relevant to the subject matter of the action." *Wilstein v. San Tropei Condo. Master Assoc.*, 189 F.R.D. 371, 375 (N.D. Ill. 1999) (citing 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL § 2008 (1970)). The objecting party bears the burden to show why a particular discovery request is improper. *Powerlock Sys., Inc. v. Duo-Lok, Inc.*, 54 F.R.D. 578, 579 (E.D. Wis. 1972); 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2173 at 543-44 (1970).

Defendant's discovery request number eleven asks for "originals or legible photocopies of all diaries, notebooks or journals *in which you have written* regarding the medical procedures described in your complaint *or your alleged injuries.*"  (#65-3, p. 3 (emphasis added).)  In response, Plaintiff produced legible photocopies of three diary entries, one from September 2004 and two others from June 2005.  (#65-3, pp. 12-13.)  Each entry deals with Plaintiff's feelings regarding upcoming medical procedures.

The production indicates that Plaintiff construed the discovery request in an impermissibly narrow manner, in terms of both depth and breadth.  First, the discovery request asked Plaintiff to provide "all diaries, notebooks or journal *in which you have written . . . .*" (#65-3, p. 3 (emphasis added).)  Rather than turning over the entireties of the notebooks in which Plaintiff wrote the diary entries, she produced only three entries.  The discovery request asks Plaintiff to provide the entire journal or notebook from which the entries were excerpted.

Second, judging from the photocopied diary entries that Plaintiff produced, Plaintiff only provided materials "regarding the *medical procedures described in your complaint . . . .*"  (#65-3, p. 3 (emphasis added).)  In limiting her compliance with the discovery request to journal entries that relate to medical procedures,  Plaintiff ignored the concluding clause of request number eleven: ". . . or your alleged injuries." *Id.*  Plaintiff's third amended complaint alleged injuries that included "pain and suffering, . . . loss of normal life and [inability] to carry out her usual and customary daily activities . . . ."  (#49, ¶ 16.)  Given the wording of Plaintiff's complaint, the scope of request number eleven would include journal entries that described her daily life and customary activities both before and after her injuries and surgeries.

Thus, the Court concludes that Plaintiff interpreted the discovery request too narrowly and her response to Defendant's discovery request number eleven was insufficient in both breadth and depth.  The language of the request asks Plaintiff to provide originals or legible photocopies of the entireties of any diaries, notebooks, or journals, from 1996 to the present, in which she wrote about her normal life, customary daily activities, and the ways in which her alleged injuries affected her daily life and customary daily activities.

Nevertheless, the Court is sensitive to the particular dilemmas of a plaintiff faced with having to reveal her innermost thoughts and place them in the public record.  While the filing of a civil lawsuit necessarily entails a certain loss of privacy, for the purposes of many diary or journal entries, a "[p]laintiff's interest in keeping her private thoughts private more than sufficiently outweighs any benefit defendants are likely to obtain from disclosure of additional contents of the diary." *Quiroz v. Hartgrove Hosp.*, No. 97C6515, 1998 WL 341812, at *2 (N.D. Ill. Jun. 12, 1998).  This is especially the case here, where Defendant requests Plaintiff's journals for a ten-year period.

Given the breadth of the injuries described in the complaint, much of the information in the diaries may be relevant.  Presumably, however, substantial portions of the diary will not be relevant, and could be potentially quite embarrassing to Plaintiff.  For example, journal entries that record Plaintiff's thoughts regarding personal relationships would not be relevant, except insofar as her injuries alleged in the complaint affected those relationships.

In order to balance Plaintiff's interest in the privacy of sensitive and potentially embarrassing personal information with Defendant's interest in obtaining relevant material, the Court directs Plaintiff to submit her journals (or legible photocopies of the journals) to the Court for *in camera* inspection, indicating which parts of the documents would be embarrassing to her. Plaintiff shall comply within twenty-one (21) days of the entry of this Order.  The Court will review the journals in light of the parties' competing interests and provide appropriate entries to Defendant.  Additionally, Defendant shall return all reproductions of Plaintiff's journals at the conclusion of the lawsuit.  **Defendant Howmedica Osteonics Corp.'s Motion To Compel Discovery (#65) will be placed under advisement.**

ENTER this 19th day of July, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
