**E-FILED**
Tuesday, 05 December, 2006  10:26:55 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| LENORE AEBISCHER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 05-CV-2121** |
| | ) | |
| STRYKER CORPORATION, and | ) | |
| HOWMEDICA OSTEONICS CORP., | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>OPINION</u>

This case is before the court for ruling on the Rule 72 Objections to Magistrate Judge's November 3, 2006 Order Denying its Motion to Impose the Costs of Production on the Plaintiff (#131) and the Motion for Oral Argument on its Objections (#133) filed by Defendant, Howmedica Osteonics Corp. (Howmedica). Plaintiff, Lenore Aebischer, filed her Response to Howmedica's Rule 72 Objections (#135) on November 14, 2006. This court has carefully reviewed the Order (#116) appealed from, Defendant Howmedica's arguments, and Plaintiff's Response. Following this careful review, Howmedica's Rule 72 Objections (#131) is DENIED and Howmedica's Motion for Oral Argument (#133) is DENIED as moot.

### FACTS

On September 18, 2006, Magistrate Judge David G. Bernthal entered an Order (#86) which denied Howmedica's Motion for Protective Order Regarding Plaintiff's Discovery and also entered an Order (#87) which denied Howmedica's Motion for Protective Order Concerning Plaintiff's Second Supplemental Requests for Production. In his Orders, Judge Bernthal determined that limiting discovery in the manner sought by Howmedica was not justified. Judge Bernthal stated that Plaintiff's clear and focused argument persuaded him that the restriction on discovery sought by

Howmedica was unreasonable, unjustified, and would prevent Plaintiff from access to information that falls within the scope of discovery described in Rule 26 of the Federal Rules of Civil Procedure.

Howmedica filed an appeal to this court from Judge Bernthal's Orders.  On October 11, 2006, this court entered an Order (#96) which denied Howmedica's objection to Judge Bernthal's Orders.  This court noted that it agreed with Plaintiff that this court could not properly consider materials that were not before the Magistrate Judge for consideration at the time his Orders were entered.  Following this court's careful and thorough review of the materials properly before it, this court agreed with Plaintiff that Defendant had not shown that the Magistrate Judge's Orders were "clearly erroneous or contrary to law."  See Fed. R. Civ. P. 72(a).

On October 12, 2006, Howmedica filed a Motion to Impose the Cost of Production on Plaintiff (#97).  On November 3, 2006, Judge Bernthal entered an Order (#116) which denied Howmedica's Motion.  On November 8, 2006, Howmedica filed its Rule 72 Objections to Magistrate Judge's November 3, 2006 Order Denying its Motion to Impose the Costs of Production on the Plaintiff (#131).  On November 14, 2006, Plaintiff filed her Response to Howmedica's Rule 72 Objections (#135).

ANALYSIS

The general presumption in discovery is that the responding party must bear the expense of complying with discovery requests.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978); Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. 568, 571-72 (N.D. Ill. 2004).  "However,  if the responding party asks the court for an order protecting it from 'undue burden or expense,' the court may shift the costs to the non-producing party, rather than just disallowing the requested discovery."  Wiginton, 229 F.R.D. at 572, quoting Fed. R. Civ. P. 26(c); see also Oppenheimer Fund, Inc., 437

2

U.S. at 358.  Rule 26(c) gives "trial courts considerable discretion in determining whether expense-shifting in discovery production is appropriate in a given case."  Spears v. City of Indianapolis, 74 F.3d 153, 158 (7th Cir. 1996); Portis v. City of Chicago, 2004 WL 2812084, at *5 (N.D. Ill. 2004).

In Wiginton, the court set out eight factors to consider in determining whether the costs of production should be shifted to the non-producing party.  Wiginton, 229 F.R.D. at 573.  The eight factors are: "(1) the likelihood of discovering critical information; (2) the availability of such information from other sources; (3) the amount in controversy as compared to the total cost of production; (4) the parties' resources as compared to the total cost of production; (5) the relative ability of each party to control costs and its incentive to do so; (6) the importance of the issues at stake in the litigation; (7) the importance of the requested discovery in resolving the issues at stake in the litigation; and (8) the relative benefits to the parties in obtaining the information."  Wiginton, 229 F.R.D. at 573.  The court in Wiginton then stated that, at all times the court must keep in mind that "because the presumption is that the responding party pays for discovery requests," the burden remains with that party to demonstrate that the costs should be shifted.  Wiginton, 229 F.R.D. at 573.  The court also stated that the first two factors are the most important, "because the more likely it is that relevant information will be discovered, the fairer it is to make the responding party pay for the information."  Wiginton, 229 F.R.D. at 574, citing Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 323 (S.D.N.Y. 2003).   The eighth factor is the least important because the requested discovery is usually more likely to benefit the party who requested it.  Wiginton, 229 F.R.D. at 577.

Howmedica argued in its Memorandum in support of its Motion (#98) that the Wiginton factors favor shifting the cost of production to Plaintiff.  Howmedica argued that, as far as the first factor, Plaintiff's discovery requests are not specifically tailored to the facts and issues in this case

3

and, as such, the discovery sought is not reasonably calculated to lead to the discovery of admissible evidence. In support of this argument, Howmedica essentially rehashed its prior arguments regarding the questionable relevance of the expansive discovery sought by Plaintiff. As far as the second factor, Howmedica argued that the information Plaintiff is seeking is available from other sources. As far as the third factor, Howmedica argued that the amount in controversy, which includes $89,435 in medical expenses and $16,634 in lost wages, plus an added amount for pain and suffering and loss of a normal life, does not justify requiring Howmedica to expend almost $100,000 to respond to the requested discovery. As far as the fourth factor, Howmedica conceded that it is a large company with available resources. Howmedica has noted that Plaintiff is a teacher and will be retiring soon. Howmedica argued, however, that Plaintiff's counsel has already fronted money to conduct written and deposition discovery and to retain an expert and should be required to bear the cost "if plaintiff wants to continue to pursue broad and irrelevant document discovery at this stage of the litigation." As far as the fifth factor, Howmedica argued that Plaintiff's counsel has insisted on broad and unlimited discovery and has no incentive to control costs. As far as the sixth factor, Howmedica argued that, because this is an individual personal injury case, the presence of a public policy issue which would affect costs shifting is absent. As far as the seventh factor, Howmedica argued that "the discovery plaintiff is now requesting appears to be more or less of a fishing expedition and its useful purpose is suspect." As far as the eighth factor, Howmedica argued that the requested discovery is most likely to benefit Plaintiff and, as a result, Plaintiff should be required to bear the expense of any production. Howmedica concluded by stating that consideration of all the factors present in this case warrants shifting the expense associated with production of the documents Plaintiff seeks from Howmedica to Plaintiff.

Howmedica attached the certification of William Cymbaluk, Howmedica's Vice President of the Regulatory Affairs, Quality Assurance, and Clinical Research. Cymbaluk set out in detail the difficulties Howmedica anticipated with complying with this court's order for production of product experience reports (PERs), including anticipated difficulties in locating documents covered by the court's order, the sheer number of discoverable documents, and the anticipated time to identify and copy documents. Cymbaluk estimated that the cost in terms of manhours would approximate $29,906. He noted that this figure did not include the time and expense required to supervise the project in-house or the attorney time and expense incurred to oversee document production. Cymbaluk also stated that the documents confirmed to be responsive would have to be redacted and marked "Confidential" in order to comply with federal law. Cymbaluk further stated that Plaintiff could obtain much of the same information she is seeking from the Food and Drug Administration. Cymbaluk stated that, in addition, Howmedica does not possess all of the information and documents sought by Plaintiff. Cymbaluk then estimated the additional costs for copying and shipping of documents. Cymbaluk stated that the "time and expense associated with such a production is not insubstantial and would significantly distract and disrupt [Howmedica's] ongoing business."

Howmedica also filed the certification of Sarah Cronan in support of its request that Plaintiff be ordered to pay the costs of production of documents. Cronan stated that she is an attorney and has been the person principally involved in discovery in this case. Cronan estimated that the cost of redaction of the PERs, in order to comply with federal law, would be $39,900. She stated that the cost of reviewing the documents to confirm they are responsive to Plaintiff's requests and marking them "Confidential" would be at least $21,000.

5

In her Response to the Motion to Impose the Cost of Production on Plaintiff, Plaintiff noted that the court has already concluded the PERs are relevant and there was no reason to limit discovery.  Plaintiff also argued that she has no problem with entering into confidentiality agreements that would protect the identities of the individuals mentioned in the documents, thereby avoiding the need to redact.  In response to the <u>Wiginton</u> case, Plaintiff pointed out that the factors were set out in the context of electronic discovery, whereas the discovery requested in this case exists in hard copy form.

Judge Bernthal entered an Order (#116) on November 3, 2006.  Judge Bernthal stated:

>Examination of the written submissions challenging the Court's discovery orders (#86 and #87) leaves no doubt that Howmedica Osteonics Corp. feels strongly that the Court erred in its decision.  However, Chief Judge McCuskey let it stand.  A review of the motion before the Court reveals that Howmedica Osteonics Corp. feels strongly that Chief Judge McCuskey was in error when he declined to overturn the original orders.  In fact, a significant portion of the motion before the Court is rehash of arguments previously raised.  For example, movant refers to protecting itself from "unduly burdensome" discovery requested by Plaintiff.  If the Court agreed that the discovery sought was unduly burdensome, it would not have ruled as it has.  There are many more examples which the Court declines to identify.  It certainly will not readdress those.

Judge Bernthal then concluded that there simply was no justification for the relief sought and denied

Howmedica's Motion to Impose the Cost of Production on Plaintiff (#97).  Judge Bernthal also

denied as moot Plaintiff's Motion to Strike Howmedica's Motion (#104).

Howmedica now argues that this court should overrule Judge Bernthal's order and grant its

motion to shift the cost of the document production to Plaintiff.  Howmedica argues that Judge

Bernthal did not adequately consider the relevant factors in making his decision and misconstrued

its motion as a motion to reconsider issues previously decided in ruling on the motions for protective

orders.  Howmedica contends that the focus of its motion "was who should pay for the production

ordered by the Court, not whether the documents were relevant and subject to production."

Howmedica also argued that Judge Bernthal improperly considered arguments made by Plaintiff in

Plaintiff's Motion to Strike Howmedica's Motion without allowing Howmedica time to respond to

the Motion to Strike.

In her Response, Plaintiff argues that Judge Bernthal only considered the arguments raised

in her Response to the Motion to Impose Costs.  Plaintiff also argued that Judge Bernthal properly

recognized that Howmedica's arguments had already been addressed.  Plaintiff contended that it was

not improper for Judge Bernthal to point out that the arguments were the same and the rulings were

not going to change.

This court notes that Plaintiff is entitled to relevant information as long as it is reasonably

calculated to lead to the discovery of admissible evidence.  See Wiginton, 229 F.R.D. at 575.  Judge

Bernthal, and this court, have already determined that Plaintiff is entitled to the information and

documents she is seeking.  This court notes that it does not agree with Plaintiff that the Wiginton

factors regarding cost-shifting only apply in the context of electronic evidence.  See Portis, 2004 WL

2812084, at *5 n.10 (cost-shifting is not that unusual and has been utilized in contexts other than

7

cases involving discovery of electronic evidence).  However, the problem with Howmedica's argument that the Wiginton factors favor imposing the cost of production on Plaintiff is that the factors only favor Howmedica if this court were willing to change its mind about the relevance of the discovery Plaintiff is seeking.  Howmedica's arguments regarding the Wiginton factors clearly do challenge the relevancy decisions already made in this case.  In ruling on Howmedica's motions for protective orders, Judge Bernthal, and this court, have already rejected Howmedica's arguments that the discovery sought is "broad and irrelevant," unduly burdensome to produce, and "more or less of a fishing expedition" so that "its useful purpose is suspect."  Also, it is clear in this case that Howmedica is better able to absorb the costs of production than Plaintiff, a teacher who will soon be retiring.  Under these circumstances, after careful consideration, this court concludes that the Wiginton factors do not favor imposing the cost of production on Plaintiff.  Therefore, this court concludes that Judge Bernthal's Order (#116) was not "clearly erroneous or contrary to law."  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1).

IT IS THEREFORE ORDERED THAT:

(1) Defendant Howmedica Osteonics Corp.'s Rule 72 Objections to Magistrate Judge's November 3, 2006 Order Denying Its Motion to Impose the Costs of Production on the Plaintiff (#131) is DENIED.

(2)  Howmedica's Motion for Oral Argument (#133) is DENIED as moot.

ENTERED this 5th day of December, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

8