UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **LENORE AEBISCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CV-2121 |
| ) | |
| **STRYKER CORPORATION, and** ) | |
| **HOWMEDICA OSTEONICS CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

On March 12, 2007, this court entered an Opinion (#186) which granted the Motion for Summary Judgment (#111) filed by Defendants Howmedica Osteonics Corporation and Stryker Corporation. Following this court's careful consideration of the arguments of the parties and the documents provided by the parties, this court agreed with Defendants that Plaintiff Lenore Aebischer's claims are time-barred. Accordingly, judgment was entered in favor of Defendants and against Plaintiff (#187).

On March 22, 2007, Plaintiff filed a Motion to Reconsider (#188) with attached documents. On March 30, 2007, Defendants filed a Memorandum in Response to Plaintiff's Motion (#189). This court has carefully considered the arguments of the parties and the documents provided. Following this review, Plaintiff's Motion to Reconsider (#188) is DENIED.

## ANALYSIS

Plaintiff brought her Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Under Rule 59(e), "a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures." United States v. Walker, 2007 WL

683790, at *1 (S.D. Ill. 2007), citing Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); see also Kennedy v. Commonwealth Edison Co., 252 F. Supp. 2d 737, 739 (C.D. Ill. 2003). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. Key v. Ill. Dep't of State Police, 2007 WL 128858, at *1 (S.D. Ill. 2007), citing Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). "Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider." Kennedy, 252 F. Supp. 2d at 739.

Plaintiff argues that she is entitled to relief because this court ignored evidence presented in the summary judgment record and because newly discovered evidence obtained from Defendants' experts shows that Plaintiff could have reasonably believed that her injury was "a natural consequence of a young, active patient who was destined to wear her implant out earlier because she put more cycles on the implant than the average person." Plaintiff contends that she was under no obligation to conclude there was a wrongful cause for her injury prior to being informed, following her surgery, that her implant had "catastrophically failed." Plaintiff asserts that the reasonable inferences from the evidence in this case could lead to a conclusion different from the conclusion reached by this court.

In their Response, Defendants argue that, in her Motion, Plaintiff is attempting to shift this court's attention away from the applicable legal standard and toward irrelevant facts that have no bearing on discovery rule analysis. Defendants contend that the evidence Plaintiff accuses this court of ignoring was considered but was not relevant to the court's determination whether Plaintiff had knowledge prior to April 14, 2003, sufficient to commence the running of the statute of limitations on her product liability and negligence claims. Defendants also argue that the "newly discovered"

evidence presented by Plaintiff was, in fact, known to Plaintiff prior to this court's ruling on the statute of limitations issue and, moreover, is irrelevant to the inquiry before this court. Defendants also contend that this court correctly applied Illinois' discovery rule to the facts of this case and Plaintiff has, therefore, not shown that this court committed a manifest error of law.

This court agrees with Defendants' arguments. Under Illinois law, which the parties agree applies here, the two-year statute of limitations is tolled until the plaintiff knows or reasonably should know that she has been injured and that her injury was wrongfully caused. See Gordon v. Ortho-McNeil Pharm., Inc., 430 F. Supp. 2d 814, 816-17 (N.D. Ill. 2006). The "discovery rule is an equitable device designed to eliminate the unfairness that would result to a plaintiff whose right to bring an action for an injury is cut off before she is aware of the existence of such action." Golla v. Gen. Motors Corp., 657 N.E.2d 894, 899 (Ill. 1995). However, Illinois law is clear that "[a]t some point, the injured person becomes possessed of sufficient information concerning [her] injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the statute of limitations period commences." Daubach v. Honda Motor Co., 707 N.E.2d 746, 750 (Ill. App. Ct. 1999), citing Knox College v. Celotex Corp., 430 N.E.2d 976, 980 (Ill. 1981).

In this case, it was undisputed that Plaintiff was informed by her doctor that the initial implant would last 15 to 20 years. The evidence also showed that, on January 8, 2002, slightly more than four years following Plaintiff's implant, her doctor informed her that she had osteolysis, that revision surgery was "inevitable," and that she should start planning for surgery. It is also undisputed that, on January 8, 2002, Plaintiff's understanding of the osteolysis in her hip was that particles of polyethylene from the Osteonics polyethylene liner had gotten between her implant and

3

the bone and had progressively worn the bone away causing the implant to loosen. This court concluded, based upon these undisputed facts, that no genuine issue of material fact existed and that the undisputed evidence established that, in January 2002, Plaintiff was "possessed of sufficient information" concerning her injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct was involved. Therefore, under the discovery rule, the statute of limitations began running in January 2002, and Plaintiff's complaint, filed April 14, 2005, was untimely.

As noted, Plaintiff has argued that, in making this ruling, this court ignored evidence presented in the summary judgment record. Plaintiff referred to the "product inserts" for the polyethylene component at issue in this case which described various "adverse effects" which could occur. Plaintiff also referred to the deposition testimony of Plaintiff's doctor who described his general knowledge of the outcome of total hip replacements and also talked about various risks he discussed with Plaintiff. This court agrees with Defendants that this court considered all of this evidence in ruling on the Motion for Summary Judgment. However, this court ultimately determined that the "product inserts" were immaterial to this court's analysis because Plaintiff offered no evidence that she ever saw the "product inserts" or that her doctor relied on them for any advice he provided to Plaintiff. In addition, the evidence regarding Plaintiff's doctor's general knowledge of the outcome of total hip replacements and factors affecting polyethylene wear did not change this court's analysis. It is undisputed that Plaintiff was told by her doctor that her initial implant would last 15 to 20 years.

Plaintiff has also argued that recent depositions taken of two of Defendants' experts provides "newly discovered evidence" which calls this court's decision into question. Plaintiff notes that both

experts concluded "that the injury suffered by Plaintiff was nothing more than a natural consequence of a young, active patient who was destined to wear her implant out earlier because she put more cycles on the implant than the average person." Plaintiff seems to be arguing that, because Defendants' experts have concluded that no wrongful conduct occurred,[1] Plaintiff could not be expected to be on inquiry to determine whether actionable conduct was involved. This court agrees with Defendants that this is a rather amazing interpretation of the discovery rule which "if accepted, would lead to the absurd result of not allowing litigants to defend products liability claims on the basis of causation." Plaintiff has cited no case law authority in support of this argument and this court agrees with Defendants that discovery rule analysis focuses on when Plaintiff, judged by the standard of a reasonable person, would have sufficient information to put her on inquiry to determine if she has a cause of action. This court therefore concludes that, to the extent this is "newly discovered evidence," it is not relevant to a determination of when Plaintiff knew or reasonably should have known she had been injured and that her injury was wrongfully caused.

This court concludes that Plaintiff has not "clearly established" that she is entitled to relief under Rule 59(e) based upon newly discovered evidence, based upon intervening changes in the controlling law, or because this court committed a manifest error of law or fact in its ruling on Defendants' Motion for Summary Judgment. In short, Plaintiff has not convinced this court that its earlier decision was wrong. See Key, 2007 WL 128858, at *1.

---

[1] Plaintiff does, of course, state that her experts do not agree with this conclusion.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Reconsider (#188) is DENIED.

ENTERED this 12th day of April, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE