UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **LENORE AEBISCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CV-2121 |
| ) | |
| **STRYKER CORPORATION, and** ) | |
| **HOWMEDICA OSTEONICS CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on Defendant's Bill of Costs (#191), Plaintiff's Motion to Stay (#196), and Plaintiff's Motion to Strike (#205). This court has carefully considered the arguments of the parties and the documentation submitted. Following this careful consideration, this court rules as follows: (1) Plaintiff's Motion to Strike (#205) is DENIED; (2) Plaintiff's Motion to Stay (#196) is DENIED; and (3) Defendants' Bill of Costs (#191) is DENIED in part and ALLOWED in part, in the total amount of $15,118.44.

## BACKGROUND

On March 12, 2007, this court entered an Opinion (#186) which granted the Motion for Summary Judgment (#111) filed by Defendants Howmedica Osteonics Corporation and Stryker Corporation. Following this court's careful consideration of the arguments of the parties and the documents provided by the parties, this court agreed with Defendants that Plaintiff Lenore Aebischer's claims are time-barred. Accordingly, judgment was entered in favor of Defendants and against Plaintiff (#187). On April 12, 2007, this court entered an Opinion (#194) which denied Plaintiff's Motion to Reconsider (#188). Plaintiff has filed a timely Notice of Appeal (#197).

On April 10, 2007, Defendants filed a Bill of Costs (#191) with attached exhibits.

Defendants sought costs from Plaintiff in the total amount of $53,916.29. Defendants also filed a Memorandum in Support of Bill of Costs (#192). On April 24, 2007, Plaintiff filed a Motion to Stay Consideration of Bill of Costs (#196). Plaintiff also filed an Objection of Defendants' Bill of Costs (#195). On May 2, 2007, Defendants filed a Response in Opposition to Motion to Stay (#203) with attached exhibits. On May 8, 2007, Plaintiff filed a Motion to Strike (#205), arguing that Defendants' Response was an improper Reply to the Objection to Defendants' Bill of Costs. On May 15, 2007, Defendants filed a Response in Opposition to Motion to Strike (#206).

## ANALYSIS

### I. MOTION TO STRIKE

In her Motion, Plaintiff has asked this court to strike Defendants' Response in Opposition to Motion to Stay. Plaintiff contended that Defendants' arguments regarding her financial circumstances only had a connection to Plaintiff's Objection to Defendants' Bill of Costs. Plaintiff stated that she did not argue that the Bill of Costs should be stayed because of her financial circumstances so Defendants' Response was an improper attempt by Defendants to get the last word in on the Bill of Costs issue.

In their Response in Opposition to Plaintiff's Motion to Strike, Defendants contended that motions to strike are not appropriate unless they are directed at pleadings. Defendants also argued that their Response included arguments responsive to the arguments referred to by Plaintiff in her Motion to Stay. This court agrees with Defendants.

"Courts in this Circuit disfavor motions to strike because parties often use them solely to cause delay." Cima v. Wellpoint Healthcare Networks, Inc., 2007 WL 1068252, at *4 (S.D. Ill. 2007). The Seventh Circuit has stated that motions to strike "are not only unnecessary (from the

2

parties' perspective) but also pointless (from the judiciary's)." Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 727-28 (7th Cir. 2006).  Therefore, this court generally relies on its ability to consider only arguments and facts which are properly presented and rarely grants motions to strike.  See, e.g., Orr v. Roberson Mgmt. Corp., 2007 WL 809665, at *1 n.1 (C.D. Ill. 2007); Bloomington Partners, LLC v. City of Bloomington, 2006 WL 2578916, at *8 (C.D. Ill. 2006).

This court also agrees with Defendants that Plaintiff referenced her Objection to the Bill of Costs as a basis for granting the Motion to Stay.  This court thus concludes that Defendants have properly responded to arguments referred to in Plaintiff's Motion to Stay.

Therefore, for the reasons stated, Plaintiff's Motion to Strike (#205) is DENIED.

## II.  MOTION TO STAY

In her Motion to Stay, Plaintiff asks this court to stay consideration of the issues raised by Defendants' Bill of Costs pending the conclusion of the appeal filed in this case.  Plaintiff noted that she had objected to many of the costs sought and that, if she is successful on appeal, any order on the Bill of Costs would be moot.  Plaintiff argued that staying consideration of these issues "is the most prudent course."

In their Response, Defendants argue that Plaintiff's unusual request was supported by no pertinent authority and would allow piecemeal appeals, which are disfavored in the federal system. Defendants also argued that the arguments raised by Plaintiff in her Objection to the Bill of Costs, including her claim of financial hardship, were not supported by law or fact and should not be a basis for staying consideration of the Bill of Costs.  This court agrees with Defendants that there is no basis for staying consideration of the Bill of Costs.

It is well settled that, after a notice of appeal is filed, a district court retains jurisdiction to

rule on ancillary matters, such as costs.  See Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995); Farella v. Hockaday, 304 F. Supp. 2d 1076, 1078 (C.D. Ill. 2004); Jansen v. Packaging Corp. of Am., 1997 WL 583063, at *1 (N.D. Ill. 1997).  In fact, the Seventh Circuit has stated that a district court should rule on ancillary matters, such as attorney's fees, while the appeal is pending; the ruling may then be appealed and consolidated with the appeal on the merits.  See Terket v. Lund, 623 F.2d 29, 33-34 (7th Cir. 1980).  In Terket, the Seventh Circuit explained that district courts should rule on these issues "as expeditiously as possible" in order to avoid the possibility of piecemeal appeals and "duplication of effort."  Terket, 623 F.2d at 34.  This court therefore concludes that the best course of action is to rule on Defendants' Bill of Costs, even though an appeal of this court's summary judgment order remains pending.  See Farella, 304 F. Supp. 2d at 1078; Jansen, 1997 WL 583063, at *1.  Accordingly, Plaintiffs' Motion to Stay (#196) is DENIED.

### III.  BILL OF COSTS

In their Bill of Costs, Defendants are requesting a total of $53,916.29 in costs from Plaintiff. In support of this request for costs, Defendants have submitted the affidavit of Sarah G. Cronan, one of their attorneys, the affidavit of Alice Dulaski, Legal Affairs Coordinator for Defendant Howmedica, and a Memorandum of Law.

Rule 54(d) of the Federal Rules of Civil Procedure provides, in relevant part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d); Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000); Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 944 (7th Cir. 1997).  The Seventh Circuit has consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party

will recover costs, with the ultimate decision resting within the discretion of the district court. Weeks, 126 F.3d at 945. This presumption is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks, 126 F.3d at 945; Washington v. Vill. of Riverside, Ill., 2003 WL 21789000, at *2 (N.D. Ill. 2003). "Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty; or (2) the losing party's inability to pay." Jack-Goods v. State Farm Mut. Auto. Ins. Co., 2004 WL 1672864, at *1 (N.D. Ill. 2004); citing Weeks, 126 F.3d at 945.

It is undisputed that Defendants were the prevailing parties in this case. Following careful review of lengthy documentation submitted by the parties, this court concluded that Plaintiff filed her Complaint well after the applicable statute of limitations had run and entered judgment in favor of Defendants. Therefore, there is a strong presumption that Defendants should recover costs in this case.

Plaintiff first argued that it would be "inequitable" to enter judgment for costs against her because she is scheduled to retire and will have limited income. She attached her affidavit in support of this argument and stated that she has signed an agreement to retire from her position with the Mattoon Community School System in 2009. She stated that, at the time of her retirement, she will be receiving $4,362.12 per month and this will be her only source of income. Plaintiff did not provide any information regarding any debts she has,[1] or what assets she has which could be sources of funds to pay an award of costs.

Defendants have pointed out that Plaintiff is currently working and, based upon discovery

---

[1] In her argument, Plaintiff states that her three surgeries cost over $120,000 in medical bills. However, Plaintiff has provided no information regarding what portion of these medical bills was paid by health insurance and what portion, if any, of these bills was her responsibility.

received by Defendants, is earning $65,990 for the 2006-07 school year, is scheduled to earn $67,639 in 2007-08, and is scheduled to earn $81,167 in 2008-09. Moreover, based upon her affidavit, Plaintiff will receive $52,345.44 per year after she retires. Based upon Plaintiff's deposition testimony, she is not married, has no children or other dependents, and owns a home with a swimming pool. Plaintiff has stated that she is not claiming indigency, but that her circumstances do provide this court with reasoning to deny costs. This court does not agree.

The Seventh Circuit has made clear that a party hoping to avoid costs must show actual indigence, and not simply that the party's financial resources are limited. See Corder v. Lucent Techs., Inc., 162 F.3d 924, 929 (7th Cir. 1998); see also Rao v. County of Cook, Ill., 2004 WL 856551, at *2 (N.D. Ill. 2004); Jansen, 1997 WL 583063, at *1 ("[t]he nonprevailing litigant must be indigent, not merely a person with low income or limited financial resources"). "To invoke the 'inability to pay' exception, a party must demonstrate by admissible evidence not merely that payment would be a burden, but that she is indigent." Jack-Goods, 2004 WL 1672864, at *1. "A party is indigent if she is 'incapable of paying the court-imposed costs at this time or in the future.'" Jack-Goods, 2004 WL 1672864, at *1, quoting McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994). Therefore, a drop in income, without more, is no indication of indigence because it tells the court nothing of the plaintiff's other financial resources. Corder, 162 F.3d at 929. Moreover, even if a litigant is indigent, costs are not automatically waived and may still be awarded at the court's discretion. McGill, 18 F.3d at 459-60; Dunn v. Rice, 2007 WL 924027, at *1 (C.D. Ill. 2007).

In this case, Plaintiff is earning a substantial income and is not scheduled to retire for some time. Even after she retires, although her income will drop somewhat, she will receive a substantial amount in retirement income. Further, Plaintiff has provided no information regarding her assets

6

or other financial resources. Based upon Seventh Circuit case law, this court sees no reason to deny costs based upon her financial circumstances. See Helzing v. Loyola Univ. of Chicago, 2004 WL 2608287, at *2 (N.D. Ill. 2004) (fact that several tragic accidents had depleted the plaintiff's savings and left him deeply indebted not sufficient to justify denying costs where he and his wife earned substantial income and owned a home); Rao, 2004 WL 856551, at *2 (husband's unemployment and daughter's tuition bills not enough to justify denying costs); Jansen, 1997 WL 583063, at *2 (because the plaintiff did not make an adequate showing of indigency, there was no basis for waiving the assessment of costs).

Plaintiff has made two other arguments that costs should be denied in their entirety.[2] She notes that she did not file her case in federal court but, instead, it was removed here by Defendants. Therefore, according to Plaintiff, because she did not choose to be in federal court, "she should not be obligated to pay the significant costs associated with losing at the Federal Court level." Plaintiff has cited no authority for this novel argument and this court rejects it. The law is clear that there is a strong presumption that a prevailing party will recover costs, with no distinction made as to whether the case was filed in federal court or removed to federal court. Plaintiff also noted that, in a previous products liability case brought in this court, the court ordered the parties to bear their own costs. Plaintiff contended that the "same result in this case is equitable." This unsupported argument must also be rejected by this court. In this case, Defendants have sought costs, as they are clearly entitled to do. This court will therefore seriously consider Defendant's request, regardless of what may have occurred in an unrelated prior case.

Having rejected all of Plaintiff's arguments that Defendants should not be awarded costs in

---

[2] Plaintiff does not argue that costs should be denied because Defendants engaged in misconduct.

this case, this court must now consider what amount is reasonable and appropriate. See Rao, 2004 WL 856551, at *2. In taxing costs, this court must consider whether the costs requested are recoverable and whether the amount requested is reasonable. See Majeske, 218 F.3d at 824. Plaintiff is correct that allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Republic Tobacco Co. v. N. Atlantic Trading Co., 481 F.3d 442, 447 (7th Cir. 2007); Collins v. Gorman, 96 F.3d 1057, 1058 (7th Cir. 1996). Plaintiff is also correct that adequate documentation must be provided to support an award of costs.

Defendants' first request is for $320.00 for fees paid by Defendants to the Coles County Circuit Clerk and the U.S. District Court Clerk. These fees are clearly recoverable under 28 U.S.C. § 1920. Plaintiff has not specifically objected to this request and it will be allowed.

Defendant's next request was for $138.25 in fees incurred for the service of subpoenas. This amount was itemized in Sarah Cronan's affidavit. In their Memorandum, Defendants stated that their "service-related fees amount to $138.25 for service of more than twelve (12) subpoenas and do not exceed a good-faith estimate of what the Marshal Service would charge pursuant to applicable law." Plaintiff has not specifically objected to this request and "[f]ees for private process servers are recoverable under 28 U.S.C. § 1920(1) provided that their rates do not exceed the cost of service of process had the U.S. Marshals effectuated service of process." Nilssen v. Osram Sylvania, Inc., 2007 WL 257711, at *1 (N.D. Ill. 2007). This court concludes that these fees are recoverable under 28 U.S.C. § 1920 and have been shown to be reasonable. The requested amount of $138.25 will be allowed.

Defendants next requested fees of the court reporter for deposition transcripts in the amount

8

of $7,225.66. In her affidavit, Sarah Cronan has itemized the amount sought for each deposition and has provided a brief explanation as to why each deposition taken was "necessarily obtained for use in the case." See 28 U.S.C. § 1920(2).

The Seventh Circuit has interpreted 28 U.S.C. § 1920 to include deposition costs, including the costs of deposition transcripts. Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998); Nilssen, 2007 WL 257711, at *2. However, to award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. See Cengr, 135 F.3d at 454; Engate, Inc. v. Esquire Deposition Servs., LLC, 2006 WL 695650, at *3-4 (N.D. Ill. 2006). This determination cannot be made without adequate supporting documentation. See Barnett v. City of Chicago, 1999 WL138813, at *9 (N.D. Ill. 1999). In fact, Rule 54.1 of the Local Rules of the Central District of Illinois specifically provides that a bill of costs should include "supporting documentation." Moreover, this court must be able to determine that the per page cost is reasonable. See Dunn, 2007 WL 924027, at *2; Denson v. N.E. Ill. Reg'l Commuter R.R. Corp., 2003 WL 21506946, at *2 (N.D. Ill. 2003) (deposition transcript costs limited to reasonable amount per page). This court notes that the "Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party." Nilssen, 2007 WL 257711, at *2. This court has accepted these per page rates as reasonable. See Dunn, 2007 WL 924027, at *2.

Plaintiff has objected to this request, arguing that Defendants have not shown that many of the depositions taken were necessary and also arguing that Defendants did not provide invoices supporting Cronan's itemization. Plaintiff contends that this request should be summarily denied.

9

This court agrees with Plaintiff that Defendants' failure to include invoices with the request makes it difficult to determine whether the amounts requested are reasonable and reflect the accepted per page rate. However, eight of the depositions, or portions thereof, were filed with this court as exhibits in support of various motions and responses filed. This court has no trouble concluding that these depositions, which were reviewed by this court, were "necessarily obtained for use in the case." As far as the deposition transcripts which are part of the court file, this court could also determine the number of pages in each transcript and the proper allowable cost. For depositions taken by Defendants, at $3.30 per page, this court allows $369.60 for the deposition of Plaintiff, $399.30 for the deposition of Dr. Peter Bonutti, $201.30 for the deposition of Dr. Wayne Paprosky, $277.25 for the deposition of Dr. Steven Hutti, and $577.50 for the deposition of Professor Robert Rose. For depositions taken by Plaintiff, at $0.83 per page for Defendants' copy, this court allows $85.49 for the deposition of Dr. Harry Rubash, $156.04 for the deposition of Steven M. Kurtz, and $127.82 for the deposition of Gerard Wirth. This court concludes that it does not have adequate information regarding the remaining deposition transcripts to allow an award of costs, and Defendants' request for costs as to those transcripts is denied. Therefore, this court allows a total of $2,194.30 for the cost of deposition transcripts.

Defendants next requested witness fees and mileage in the total amount of $2,833.22. The amount requested included a $1,300 witness fee for Dr. Peter Bonutti's deposition and a $1,000 witness fee for Dr. Wayne Paprosky's deposition. In her affidavit, Sarah Cronan stated that Defendant should be permitted to recover these witness fees because "the custom and practice in Illinois is to pay treating physicians a reasonable fee for their time spent testifying at a deposition."

Plaintiff has objected to the witness fees for Dr. Bonutti and Dr. Paprosky. Plaintiff has

correctly pointed out that, in Crawford Fitting Co., the United States Supreme Court held that a federal court may tax expert witness fees in excess of the limit set out in 28 U.S.C. § 1821(b) only when the witness is court-appointed. Crawford Fitting Co., 482 U.S. at 442. In this case, this court did not appoint any of the expert witnesses. Therefore, based upon 28 U.S.C. § 1821(b), costs may only be taxed in the amount of "$40 per day for each day's attendance." Accordingly, Defendants may only recover a total of $80 in witness fees for Dr. Bonutti and Dr. Paprosky. Plaintiff has not included any specific objections to the remaining witness fees and mileage sought by Defendants in the amount of $533.22. This court concludes that Defendants have adequately itemized the witness fees and mileage sought, and further concludes that the amount sought is reasonable. Therefore, this court allows witness fees and mileage in the amount of $533.22 in addition to the $80.00 allowed for Dr. Bonutti and Dr. Paprosky, for a total amount of $613.22.

Defendants next requested costs incurred for copies of documents and other materials necessarily obtained for use in the case in the amount of $26,116.09. Costs for photocopies may be recovered under 28 U.S.C. § 1920(4). See Cengr, 135 F.3d at 454; Dunn, 2007 WL 924027, at *2. However, to award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. Cengr, 135 F.3d at 454; Dunn, 2007 WL 924027, at *2. Included in the category of costs considered reasonably necessary for use in the case are copies attributable to discovery and the court's copies of pleadings, motions and memoranda. Thomas v. Guardsmark, Inc., 2005 WL 2405823, at *3 (N.D. Ill. 2005). However, "[c]opies made by a party merely for the party's 'convenience of counsel' are not recoverable." Gizaw v. Ill. Dep't of Public Aid, 2004 WL 1403773, at *1 (N.D. Ill. 2004). The burden is on the party seeking recovery to prove that photocopied items were necessary. Gizaw, 2004 WL 1403773, at *2.

In their Memorandum, Defendants stated that the costs requested included the costs of obtaining copies of Plaintiff's medical records, her income records, and x-ray films. Defendants argued that these copies were "necessary for determining the existence and extent of plaintiff's alleged injuries and damages." Defendants also stated that they incurred costs associated with providing all counsel of record with service of the pleadings, discovery requests and responses and motions with exhibits and providing the court, at its request, with hard copies of the exhibits associated with Defendants' dispositive motions. Defendants stated that they also produced over 30,800 pages of documents in response to Plaintiff's discovery requests. Defendants also stated that they incurred costs in copying product experience reports (PERs) for review by outside counsel before production in accordance with this court's October 11, 2006 discovery order. In support of this request, Alice Dulaski stated in her affidavit that Howmedica copied approximately 38,412 pages for review by its outside counsel. Dulaski stated that the costs sought by Defendants represented a small portion of the total costs incurred by Howmedica in complying with this court's October 11, 2006, discovery order.

In her affidavit, Sarah Cronan itemized the costs Defendants incurred in obtaining copies of documents and medical records. This itemization included a $2,655.00 expense for the duplication of x-ray films which were provided to Defendants' expert witnesses and a $15.90 expense for the duplication of one film at the expert's request. Cronan also listed $12,938.40 for photocopies made by Stites & Harbison. Cronan stated that this amount included copies of pleadings, motions and exhibits, discovery requests and responses, and two copies of the 30,800 pages of documents provided to Plaintiff in response to her requests for production. Cronan stated that Defendants were charged 20¢ per page for these photocopies. Cronan also listed $7,682.40 for the 38,412 pages of

PERs which were copied, at 20¢ per page.

Plaintiff has objected to Defendants' request for costs for copies in its entirety, arguing that Defendants have not met their burden to justify awarding any of these costs. In addition, Plaintiff has raised specific arguments as to some of the costs sought. Plaintiff argued that Defendants failed to show that it was necessary to make copies of the PERs for outside counsel. Plaintiff also argued that the duplication of x-ray films was not necessary but was only "a convenience to Defendants' experts." Plaintiff also argued that additional charges for the duplication of x-rays should not be awarded because the original x-rays were used by all of the parties at the depositions of the doctors and would have been available at trial as well. Plaintiff pointed out that there was no support given for a $47.00 charge for "archive and computer search for records." Plaintiff contended that there was no explanation given as to why medical records from Carle Foundation Hospital, Walgreen Company or Sarah Bush Lincoln Health Center were necessary for use in this case. Plaintiff noted that her surgeries were performed at St. Anthony's Memorial Hospital and Rush Medical Center. Plaintiff specifically objected as well to a $90.00 charge for a social security earnings report for Plaintiff, pointing out that this report was provided to Defendants in the initial discovery. Plaintiff also objected to the $12,938.40 charge for copies because Defendants stated that they made two copies of documents responsive to Plaintiff's discovery requests, an original production set and a copy for Plaintiff. Finally, Plaintiff argued that the 20¢ per page charge for copies was not supported by affidavit. Plaintiff submitted the affidavit of Debra Schoonover, the owner and operator of a copy center in Mattoon, Illinois, known as the One Stop Copy Shop. Schoonover stated that the reasonable and customary charge for copying is 8¢ per page, based upon her knowledge of the Mattoon, St. Louis and Champaign markets.

This court concludes that Defendants have adequately shown that it was necessary and reasonable to provide their expert witnesses with copies of Plaintiff's x-rays. Therefore, the $2,655.00 and $15.90 requested for this purpose will be allowed. This court also concludes that Defendants have adequately shown that medical records from St. Anthony's Memorial Hospital, Rush Medical Center, Dr. Wayne Paprosky and Bonutti Orthopaedic Clinic were necessary in this case. These itemized expenses, totaling $933.45 will be allowed.

This court agrees with Plaintiff, however, that Defendants did not explain why it was necessary to incur additional charges totaling $1,532.30 for copies of x-rays. These costs will not be allowed. This court also agrees that Defendants did not explain why records from Walgreen Company, Carle Foundation Hospital and Sarah Bush Lincoln Health Center were necessary in this case. These costs, as well as the unexplained costs requested for an archive and computer search and for social security records, will not be allowed.

As far as the costs requested for photocopies, this court does not agree with Plaintiff that it was unnecessary for Defendants to make two photocopies of the documents produced in response to Plaintiff's requests for production. This court believes that it is customary for parties in litigation to make two bates stamped copies, so both sides in the litigation can easily find and refer to particular documents. This court also disagrees with Plaintiff that it was not necessary to copy PERs for review by outside counsel. This court ordered Defendants to comply with Plaintiff's request to produce PERs, over Defendants' strong objection, and this court agrees with Defendants that it was necessary for counsel to review the PERs to determine which documents needed to be produced in response to Plaintiff's request. This court concludes that the copies were necessary to the litigation, and not made for the convenience of counsel. This was a very document intensive case, and this

court concludes that Defendants are entitled to recover costs for the photocopies necessarily made in this litigation.

This court does agree with Plaintiff, however, that Defendants did not provide any support for the 20¢ per page charged for copies. This court therefore accepts Plaintiff's documentation that the reasonable copy charge is 8¢ per page. See Sisto v. Ameritech Sickness & Accident Disability Benefit Plan, 2004 WL 816774, at *4 (N.D. Ill. 2004) (court stated that it generally allowed 10¢ per page, but accepted Plaintiff's counsel's representation regarding cost of outside copying). At 8¢ per page, this court concludes that Defendants are allowed to recover $5,175.36 for photocopies made by Stites & Harbison and $3,072.96 for the photocopies of the PERs.

Defendants have also sought shipping costs of $693.47. This court agrees with Plaintiff that these costs are not recoverable. "Postage or delivery costs are considered ordinary business expenses" and are not recoverable. Nilssen, 2007 WL 257711, at *2; see also Williams v. Thresholds, 2003 WL 22478784, at *2 (N.D. Ill. 2003). The $693.47 sought for shipping costs are not allowed.

Finally, Defendants have requested $16,589.00 for the time spent by Howmedica personnel identifying and retrieving the responsive PERs pursuant to this court's October 11, 2006, discovery order. In her affidavit, Alice Dulaski stated that the cost in employee time totaled $16,589.60. Defendants argued that this court has the authority to tax as costs necessary and reasonable expenses incurred in discovery production. Plaintiff argued, however, that Defendants' request for hourly charges for document searching are not recoverable under 28 U.S.C. § 1920. This court agrees with Plaintiff.

The Supreme Court has stated that "[i]f Rule 54(d) grants courts discretion to tax whatever

costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever." Crawford Fitting Co., 482 U.S. at 441. The Court went on to state that "the better view is that § 1920 defines the term 'costs' as used in Rule 54(d)." Crawford Fitting Co., 482 U.S. at 441. This court therefore concludes that it only has authority to allow costs which are included in 28 U.S.C. § 1920. See Collins, 96 F.3d at 1058. Accordingly, the $16,589 sought for time spent searching for and retrieving PERs is not allowed.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Strike (#205) is DENIED.

(2) Plaintiff's Motion to Stay (#196) is DENIED.

(3) Defendants' Bill of Costs (#191) is DENIED in part and ALLOWED in part, in the total amount of $15,118.44. Defendants are allowed to recover clerk fees in the amount of $320.00, fees for the service of subpoenas in the amount of $138.25, witness and mileage fees in the amount of $613.22, costs for deposition transcripts in the amount of $2,194.30, and copy costs in the total amount of $11,852.67.

ENTERED this 8th day of June, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE