UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **LENORE AEBISCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CV-2121 |
| ) | |
| **STRYKER CORPORATION, and** ) | |
| **HOWMEDICA OSTEONICS CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

## **OPINION**

On March 12, 2007, this court entered an Opinion (#186) in this case which granted Defendants' Motion for Summary Judgment (#111) on the issue of the statute of limitations. This court therefore terminated the case and vacated the jury trial which had been scheduled for June 18, 2007. At the time this court's Opinion was entered, the following motions were also pending: (1) Stryker Corporation's Renewed Motion for Summary Judgment (#167) based upon its argument that it did not manufacture, design or sell the products Plaintiff claims caused her injuries; (2) Plaintiff's Motion for Partial Summary Judgment (#169) regarding Defendants' affirmative defenses; (3) Defendants' Motion for Summary Judgment (#170) based upon Defendants' assertion that Plaintiff cannot establish her products liability claims as a matter of law; and (4) Defendants' Motion in Limine to Exclude Plaintiff's Expert Testimony of Defect and Causation (#172). These motions were all terminated by this court's Opinion (#186) terminating the case. Plaintiff filed a Motion for Reconsideration (#188), which was denied, and a Notice of Appeal (#197).

On September 18, 2008, this court received the Mandate of the Seventh Circuit Court of Appeals (#215). In its Opinion, dated August 1, 2008, the Seventh Circuit concluded that a jury "could reasonably decide that [Plaintiff] was not on 'inquiry notice' until June 2003 and that she

filed suit within the two-year statute of limitations." The Seventh Circuit stated that summary judgment was therefore inappropriate. The Seventh Circuit stated that it reversed this court's judgment and remanded for a trial. The Mandate stated, "The judgment of the District Court is REVERSED, with costs, and the case is REMANDED for a trial, in accordance with the decision of this court entered on this date."

Following remand, this court held a telephone status conference on October 3, 2008. This court held a discussion with the parties regarding the motions which were pending at the time the case was terminated and how this court should proceed, in compliance with the Seventh Circuit's Mandate. Plaintiff's counsel argued that the case should be set for trial. Defendants' counsel argued that the case should go back to its previous posture, and this court should proceed to decide the Motions which were pending at the time this court terminated the case. This court directed the parties to submit memoranda outlining how this court should proceed, with case law support.

On October 24, 2008, Plaintiff filed a Memorandum (#216). Plaintiff pointed out that the record reveals that the entire district court record was sent to the Seventh Circuit Court of Appeals, including the motions which were pending at the time this court terminated the case. Plaintiff argued that the Seventh Circuit was aware of the pending motions by virtue of the entire record being sent to it. Plaintiff further pointed out that, even though the Seventh Circuit was aware of the pending motions (including motions which could be case dispositive), the Seventh Circuit's Mandate stated that the case was remanded "for a trial." Plaintiff argued that this court has no power to deviate from the Seventh Circuit's Mandate, citing <u>Briggs v. Pennsylvania Railroad Co.</u>, 334 U.S. 304, 306 (1948), and <u>United States v. Polland</u>, 56 F.3d 776, 777 (7th Cir. 1995). Plaintiff argued that, while there are evidentiary motions that have been filed by Defendants, this court has the ability

to rule at the time of trial on the admissibility and inadmissibility of evidence. Plaintiff stated that her position is that the only course of action which can be taken at this point is to set the matter for trial.

On November 10, 2008, Defendants filed a Memorandum in Support of Deciding Defendants' Pending Motions (#217). Defendants pointed out, correctly, that the decision of the Seventh Circuit reversing this court's Opinion did not address the pending motions. Defendants further pointed out that the motions were not discussed by the parties on appeal and have never been considered by this court or by the Seventh Circuit. Defendants argued that the "mandate rule" is only controlling "as to matters within its compass," citing Moore v. Anderson, 222 F.3d 280, 283 (7th Cir. 2000). Therefore, on remand, the district court "retains the authority to dispose of other issues not addressed." Moore, 222 F.3d at 283. Defendants contended that this court may consider Defendants' pending motions because they fall outside the scope of the Seventh Circuit's Mandate. Defendants argued that, read in context of the full opinion, which dealt only with the issue of the statute of limitations, the Seventh Circuit's instruction to "remand for a trial" does not preclude hearing Defendants' pending motions and other necessary evidentiary issues. Defendants argued that the narrow reading of the Mandate proposed by Plaintiff would have the unintended effect of precluding this court from ruling on necessary evidentiary issues, such as Defendants' Daubert motion. Defendants also argued that a narrow reading of the mandate would have the unintended effect of prohibiting this court from ruling on Defendants' motions for summary judgment in order to "isolate and dispose of factually unsupported claims," which is the purpose of summary judgment. In addition, Defendants argued that refusing to hear their pending motions would deny due process.

Plaintiff did not file a Reply memorandum. This court concludes that the question of how

to proceed is complicated and the cases cited by the parties, while somewhat helpful, are not directly on point.

This court concludes that the best way to proceed is to consider the motions which were pending at the time the case was terminated to be moot. Any motions which the parties believe should be decided by this court prior to trial, including motions for summary judgment, must be filed by January 5, 2009. Responses to any motions filed are due by January 30, 2009. Any replies are due by February 13, 2009. A telephone status conference is hereby scheduled for February 27, 2009, at 4:00 p.m. At the telephone status conference, this court will schedule a jury trial and a hearing on evidentiary matters, including Daubert issues, to be held prior to trial.

IT IS THEREFORE ORDERED THAT:

(1) The motions which were filed in this case and which were pending at the time the case was terminated are hereby considered moot.

(2) Any motions which the parties believe should be decided by this court prior to trial, including motions for summary judgment, must be filed by January 5, 2009. Responses to any motions filed are due by January 30, 2009. Any replies are due by February 13, 2009.

(3) A telephone status conference is hereby scheduled for February 27, 2009, at 4:00 p.m. At the telephone status conference, this court will schedule a jury trial and a hearing on evidentiary matters, including Daubert issues, to be held prior to trial.

ENTERED this 24th day of November, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE